David B. Rosenbaum, No. 009819
Andrew G. Pappas, No. 034432
Emma J. Cone-Roddy, No. 034285
Brandon T. Delgado, No. 035924
OSBORN MALEDON, P.A.
2929 North Central Avenue, 20th Floor
Phoenix, Arizona 85012-2793
(602) 640-9000
drosenbaum@omlaw.com
apappas@omlaw.com
econe-roddy@omlaw.com
bdelgado@omlaw.com

Attorneys for Plaintiff

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| The No Labels Party of Arizona, an Arizona political party,<br><br>Plaintiff,<br><br>vs.<br><br>Adrian Fontes, in his official capacity as the Secretary of State of Arizona,<br><br>Defendant. | No.<br><br>**COMPLAINT** |

Plaintiff The No Labels Party of Arizona ("Plaintiff" or "No Labels Arizona") brings this Complaint against Defendant Adrian Fontes, in his official capacity as the Secretary of State of Arizona ("Defendant" or the "Secretary"). For its Complaint against the Secretary Fontes, No Labels Arizona alleges as follows:

**INTRODUCTION**

1.  Arizona's election laws confer discretion on a political party whether to participate in a particular election by nominating candidates for the ballot in that race. Specifically, A.R.S. § 16-301(A) provides that each political party "*intending* to make nominations for the ensuing general" election, "*if it desires* to have the names of its candidates printed on the official ballot at that general," shall nominate the candidate at a

1  primary election. (emphasis added.)  A political party that decides against nominating a candidate through a primary election must live with the consequence that "no candidate for that office for that party may appear on the general or special election ballot" under A.R.S. § 16-302.  Arizona law by its express terms, therefore, does not mandate a party's participation in the primary.  The language twice makes clear that not every party entitled to nominate a candidate in a primary election must do so: a party must also "intend[] to make nominations for that public office and "desire[]" to have the name of the party's nominee for that office printed on the general-election ballot. A.R.S. § 16-301.  State law circumscribes a political party's right to choose the selection process by requiring a primary election only if the party desires to have the names of its candidates printed on the ensuing general election ballot.

2.  The First and Fourteenth Amendments to the U.S. Constitution likewise endow political parties with broad rights to freedom of association.  A political party's "determination of the boundaries of its own association, and of the structure which best allows it to pursue its political goals, is protected by the Constitution."  *Tashjian v. Republican Party of Conn.*, 479 U.S. 208, 224 (1986) (holding a state may not substitute its own judgment for that of the party in determining "the structure which best allows it to pursue its political goals").  A political party also has the right to "limit its membership as it wishes, and to choose a candidate-selection process that will in its view produce the nominee who best represents its political platform."  *N.Y. State Bd. of Elections v. Lopez Torres*, 552 U.S. 196, 202 (2008).  These rights can be "circumscribed" only if the organization chooses to avail itself of "the right to have their candidates appear with party endorsement on the general-election ballot."  *Id.* at 203.

3.  No Labels Arizona does not intend or desire to associate with or nominate any candidate for U.S. Senator or Corporation Commissioner, or for any congressional, state, judicial, county, or precinct office.  And it does not want to have its candidates listed on the general election ballot for those offices.  Indeed, No Labels Arizona has repeatedly communicated to the Secretary that it will nominate candidates only for the offices of

President and Vice President. No Labels Arizona also adopted Constitution and Bylaws that limit its focus to these offices. This is intentional. With finite time and resources to bring to bear before the 2024 general election, No Labels Arizona has determined the boundaries of its association and structured itself to focus exclusively on securing ballot access for the offices of President and Vice President, consistent with the Party's objective of ensuring that Arizonans have a potential Presidential candidate option other than the candidates who may be selected at the Democratic and Republican conventions.

4. Rather than follow Arizona law or the U.S. Constitution, Secretary Fontes is forcing No Labels Arizona to participate in elections for Arizona Corporation Commissioner and U.S. Senator. By forcing No Labels Arizona to participate in an election against its desire and goals, Secretary Fontes has violated the Arizona law and the U.S. Constitution.

## PARTIES AND JURISDICTION

5. **Plaintiff The No Labels Party of Arizona** ("No Labels Arizona") is a recently recognized Arizona political party. No Labels Arizona is a state-level affiliate of No Labels, Inc., which is a 501(c)(4) nonprofit headquartered in Washington, D.C. No Labels, Inc. was established in 2009 to bridge the partisan divide in Washington by advancing commonsense reforms and convening officeholders from both major parties. No Labels, Inc. has a 13-year record of working across the aisle to effect change in many public policy areas. No Labels Arizona was established for the specific purpose of placing yet-to-be-identified nominees for President and Vice President on the 2024 general-election ballot in Arizona, which is reflected in No Labels Arizona's adopted Constitution and Bylaws.

6. **Defendant Adrian Fontes** ("Fontes") is the Secretary of State of Arizona and a resident of Arizona and is named in his official capacity only. He is Arizona's chief election officer and is responsible for the administration and implementation of election laws in Arizona. The Secretary, personally and through the conduct of his employees, officers, agents, and servants, acted under color of state law at all times relevant to this

action.

7. Plaintiff brings this action under 42 U.S.C. §§ 1983 and 1988 to redress the deprivation under color of state law of rights secured by the United States Constitution.

8. This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1343, because the matters in controversy arise under the Constitution and laws of the United States.

9. This Court has supplemental jurisdiction over Plaintiff's state law claim under 28 U.S.C. § 1367 as it arises out of the same facts.

10. This Court has personal jurisdiction over the Defendant.

11. Venue is appropriate in this Court under 28 U.S.C. § 1391(b)(1) and (b)(2).

12. This Court has the authority to enter a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

**FACTUAL ALLEGATIONS**

13. No Labels Arizona's only current purpose is the potential nomination of candidates for President and Vice President for the 2024 General Election in Arizona. No Labels Arizona envisions the potential nomination as being a unity ticket with a bipartisan consensus-oriented person fulfilling each role.

14. As such, No Labels Arizona has no intent or desire to nominate candidates for any other office to appear on the 2024 general election ballot, at the state or federal level. Instead, No Labels Arizona's sole focus is on the potential nomination of candidates for President and Vice President.

15. No Labels Arizona's Constitution and Bylaws unambiguously set forth No Labels Arizona's mission. Under this governing document, No Labels Arizona is to "obtain ballot access for candidates nominated by No Labels [Arizona] for the federal offices of President and Vice President" and "shall not nominate" a "candidate for a state, county, municipal, school, or district office or position." No Labels Arizona, as expressed in its governing document, will not use its ballot line for an election for any office other than President or Vice President.

16. No Labels Arizona has structured itself this way because it has determined this is the best way to pursue its associational goals. The animating purpose of No Labels Arizona is to ensure that Arizonans have a potential alternative in the 2024 general election to the Presidential candidates who will be nominated by the major political parties. This is the central reason individuals have associated with No Labels Arizona to date. Any detour away from No Labels Arizona's mission threatens to fracture or repel the broad coalition that No Labels Arizona must attract to be successful. And any diversion of time, resources, and/or attention will jeopardize No Labels Arizona's ability to achieve its core organizational objective.

17. No Labels Arizona repeatedly informed the Secretary of No Labels Arizona's intention to nominate only candidates for President and Vice President. A June 2, 2023, letter to the Secretary's counsel, for example, explained that as of that date "the No Labels Party will nominate a Presidential ticket 'as provided in § 16-344,' but it does *not* desire to have the names of any other candidates printed on the official ballot at the 2024 general election and will therefore not hold a primary election for any office." No Labels Arizona's Chair sent a letter to the Secretary on August 11, 2023 opting out of the state's 2024 Presidential Preference Primary and informing the Secretary again that "the No Labels Party will nominate candidates only for the offices of President and Vice President, and does not desire to have the names of candidates for any other office printed on the official general-election ballot at the 2024 general election." After learning of the statements of interest filed by candidates for Corporation Commission and U.S. Senate, on August 14, 2023, No Labels Arizona again informed the Secretary by letter that No Labels Arizona "does not intend to make nominations for any public office other than President and Vice President in 2024, and it would violate both Arizona law and the United States Constitution to force No Labels Arizona to participate in an election for any other public office against its will."

18. Despite these clear and consistent communications about No Labels Arizona's intentions and mission, the Secretary has taken actions to force No Labels

- 5 -

Arizona to participate in elections for offices other than President and Vice President.

19. Secretary Fontes indicated in a September 22, 2023 letter from his Elections Director that any candidate of a party will be permitted to participate in Arizona's primary election. The response letter ignored the authorities cited in No Labels Arizona's letter, including A.R.S. § 16-301(A) and the First Amendment. Instead, the response letter asserted that the "candidate who receives the highest number of votes in the Primary Election will be the political party nominee and appear on the General Election ballot."

20. The Secretary's acceptance of Statements of Interest from non-presidential candidates and his declared intention to make the primary election winners No Labels Arizona's nominees on the general election ballot if allowed to stand, would unlawfully force No Labels Arizona to participate in an election for the offices of Corporation Commissioner and U.S. Senator over No Labels' objections to associating with or nominating any candidate for those offices. No Labels Arizona may not be compelled under the Constitution and Arizona law to support, oppose, disavow, or otherwise participate in the election of candidates for offices it wants nothing to do with.

## CAUSES OF ACTION

**Count 1: Violation of A.R.S. § 16-301(A): A.R.S. § 16-301(A); 22 U.S.C. § 2201; 22 U.S.C. § 2202; A.R.S. § 12-1832.**

21. No Labels Arizona incorporates and realleges all preceding paragraphs as if set forth fully herein.

22. 28 U.S.C. § 2201 and A.R.S. § 12-1832 allows this Court to provide No Labels Arizona with a declaration of its rights under law and 28 U.S.C. § 2202 allows what other and further relief may be appropriate.

23. This Court also has the authority to enter an injunction. *Melendres v. Arpaio*, 784 F.3d 1254, 1264 (9th Cir. 2015) (noting the district court has broad discretion in fashioning a remedy, including by entering an injunction).

24. Section 16-301(A) identifies when a candidate's name should be included on a primary election ballot:

> At a primary election, each political party entitled and ***intending*** to make nominations for the ensuing general or special election, ***if it desires*** to have the names of its candidates printed on the official ballot at that general or special election, shall nominate its candidates for all elective, senatorial, congressional, state, judicial, county and precinct offices to be filled at such election except as provided in § 16-344.

A.R.S. § 16-301(A) (emphasis added).

25. The cross-referenced statute, A.R.S. § 16-344, does not apply here because the offices at issue do not involve the office of presidential elector, which is the office that is addressed in § 16-344.

26. Secretary Fontes has violated A.R.S. § 16-301(A).

27. No Labels Arizona does not intend to make nominations in the ensuing general election for Corporation Commissioner or U.S. Senator.

28. Consequently, No Labels Arizona does not desire to have the names of any candidates for Corporation Commissioner or U.S. Senator printed on the general election ballot.

29. In fact, No Labels Arizona's Constitution and Bylaws provide that No Labels Arizona "shall not nominate" a candidate for any office other than President and Vice President. The Constitution and Bylaws further limit the membership from taking any action inconsistent with this prohibition.

30. In violation of Arizona law, Secretary Fontes is forcing No Labels Arizona to nominate candidates for elections in which it has no intent or desire to participate.

**Count 2: First and Fourteenth Amendment: U.S. Const. Amend. I and XIV, 42 U.S.C. § 1983, 28 U.S.C. §§ 2201, 2202.**

31. No Labels Arizona incorporates and realleges all preceding paragraphs as if set forth fully herein.

32. No Labels Arizona brings this claim under 42 U.S.C. § 1983 and the First and Fourteenth Amendments. Section 1983 provides a cause of action for a violation of

constitutional rights:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.

33. 28 U.S.C. § 2201 allows this Court to provide No Labels Arizona with a declaration of its rights under the United States Constitution, and 28 U.S.C. § 2202 allows what other and further relief may be appropriate. This Court also has the authority to enter an injunction. *Melendres*, 784 F.3d at 1264 (noting the district court has broad discretion in fashioning a remedy, including by entering an injunction).

34. "[A] corollary of the [First Amendment] right to associate is the right not to associate." *Cal. Democratic Party v. Jones*, 530 U.S. 567, 574 (2000). "This First Amendment freedom to gather in association for the purpose of advancing shared beliefs is protected by the Fourteenth Amendment from infringement by any State." *Democratic Party of U. S. v. Wis. ex rel. La Follette*, 450 U.S. 107, 121 (1981). Courts have repeatedly and "vigorously affirm[ed] the special place the First Amendment reserves for, and the special protection it accords, the process by which a political party 'select[s] a standard bearer who best represents the party's ideologies and preferences,'" *Jones,* 530 U.S. at 575, holding that a state may not substitute its own judgment for that of an organization in determining "the structure which best allows it to pursue its political goals," *Tashjian*, 479 U.S. at 224. This "special protection" allows an organization to "choose a candidate-selection process that will in its view produce the nominee who best represents its political platform." *Lopez Torres*, 552 U.S. at 202 (2008). "The political parties are autonomous in their extension of the right to represent their party." *Duke v. Cleland*, 783 F. Supp. 600, 602 (N.D. Ga. 1992), *aff'd*, 954 F.2d 1526 (11th Cir. 1992).

35. A party's rights in this respect can be "circumscribed" only if the organization chooses to avail itself of "the right to have their candidates appear with party endorsement on the general-election ballot." *Lopez Torres*, 552 U.S. at 203. At a fundamental level, an organization has a core right and ability to structure its party and choose for itself the public offices for which it will put forward a nominee to appear on the general-election ballot and thereby accept or reject "circumscription" from the state. This decision to accept or reject state "circumscription" and its attendant consequences is, by its nature, entirely private and internal to an organization and cannot be overridden.

36. Courts have protected against state-compelled participation and association, for example, by refusing to require that a state's election ballot create an unreciprocated association between a party and a candidate, *see Jones*, 530 U.S. at 581–82 ("We can think of no heavier burden on a political party's associational freedom" than "forced association"), and by rejecting a candidate's insistence that she be allowed to compete for a party's general-election nomination via direct primary, *see Lopez Torres*, 552 U.S. at 202–04; *see also Belluso v. Poythress*, 485 F. Supp. 904, 912 (N.D. Ga. 1980) ("Belluso asserts no group's interest in advancing his candidacy. His claimed need to 'associate' with an unwilling partner, the Republican party in Georgia, is not a first amendment right. Indeed, to the degree that rights of association are implicated, we think these rights militate in favor of leaving a party free to limit access to its own primary ballot."); *Cleland*, 783 F. Supp. at 602 ("Likewise, plaintiffs have failed to show the court that a first amendment right exists which guarantees access to a party's primary ballot (in direct contravention of the party's stated desires)."); *Duke v. Massey*, 87 F.3d 1226, 1234 (11th Cir. 1996) ("The Republican Party has a First Amendment right to freedom of association and an attendant right to identify those who constitute the party based on political beliefs."). Lastly, courts have recognized that a "minor" political party's First Amendment rights are "severely burden[ed]" when a state "forces" the party to run "candidates for races they want nothing to do with." *Libertarian Party of Ill. v. Scholz*, 872 F.3d 518, 524–25 (7th Cir. 2017).

37. To be clear, although at least one of the individuals who is seeking to secure the No Labels Arizona nomination has publicly stated that the goal of the activity "is to torture No Labels," No Labels Arizona is not seeking protection against unaffiliated voters or candidates who are ideologically incompatible. No Labels Arizona objects to the Secretary's acceptance of statements of interest filed by candidates for Corporation Commission and U.S. Senate because it does not want to nominate *anyone* or participate in *any* election for these or any other down-ballot offices.

38. No Labels Arizona has deliberately structured itself to best pursue its goals. No Labels Arizona's objective is to nominate consensus candidates for President and Vice President. To accomplish this, No Labels Arizona has chosen not to use its ballot line in primary elections and in the 2024 general election for any offices besides United States President or Vice President. Its goals would be undermined by participating in any other election.

39. Furthering its goals, No Labels Arizona does not intend or desire to nominate a candidate for any other office. To the extent Secretary Fontes may disagree with No Labels Arizona's structure and goals, he may not substitute his own judgment for that of the party. *Democratic Party of U. S.*, 450 U.S. at 123, 126 (reversing judgment where the state statute "would violate Party rules").

40. Ignoring No Labels Arizona's considered judgment and the constitutional guarantees, Secretary Fontes is forcing No Labels Arizona to associate with and nominate candidates for elections in which it has no desire to participate.

41. No Labels Arizona's structure and objectives do not burden any would-be candidate's right to run for their desired offices. They may proceed as independents or with another party that wishes to participate in the election for the office the candidate seeks. *See, e.g.*, *Belluso*, 485 F. Supp. at 912 (noting the candidate can seek office "independently or as the candidate of [another] political party"). And no individual has a right to appear on a ballot as a party's candidate or nominee. *See, e.g.*, *Lopez Torres*, 552 U.S. at 205 ("None of our cases establishes an individual's constitutional right to

have a 'fair shot' at winning [a] party's nomination.").

42. Similarly, voters also are not prohibited from supporting any candidates in their pursuit of a public office. *Massey*, 87 F.3d at 1234 ("Duke's supporters were not foreclosed from supporting him as an independent candidate, or as a third-party candidate").

43. Candidates and voters can continue to exercise their rights, but those rights do not override No Labels Arizona's rights. *Id.* at 1232–33 ("Although Duke is correct in identifying his First and Fourteenth Amendment interests, those interests do not trump the Republican Party's right to identify its membership based on political beliefs nor the state's interests in protecting the Republican Party's right to define itself.")

44. Secretary Fontes' actions have violated the First and Fourteenth Amendments.

## PRAYER FOR RELIEF

No Labels Arizona prays for relief as follows:

1. That the Court declare that Secretary Fontes has violated A.R.S. § 16-301(A);

2. That the Court declare that Secretary Fontes has violated the First and Fourteenth Amendments;

3. That the Court preliminary and permanently enjoin Secretary Fontes from forcing No Labels Arizona to associate with and nominate a candidate for Corporation Commissioner and U.S. Senator or for any other office;

4. That the Court award attorneys' fees and litigation costs to No Labels Arizona under 42 U.S.C. § 1988(b);

5. That the Court retain jurisdiction to ensure Secretary Fontes' compliance with its orders; and

6. That the Court grant all other and further relief as it may deem necessary and appropriate.

DATED this 19th day of October, 2023.

OSBORN MALEDON, P.A.

By  /s/ David B. Rosenbaum
David B. Rosenbaum
Andrew G. Pappas
Emma J. Cone-Roddy
Brandon T. Delgado
2929 North Central Avenue, 20th Floor
Phoenix, Arizona 85012-2793

Attorneys for Plaintiff