KRISTIN K. MAYES
Attorney General
Firm State Bar No. 14000

Kara Karlson, Bar No. 029407
Karen J. Hartman-Tellez, Bar No. 021121
Senior Litigation Counsel
Kyle Cummings, Bar No. 032228
Assistant Attorney General
2005 North Central Avenue
Phoenix, AZ  85004-1592
Telephone (602) 542-8323
Facsimile (602) 542-4385
Kara.Karlson@azag.gov
Karen.Hartman@azag.gov
Kyle.Cummings@azag.gov
adminlaw@azag.gov

*Attorneys for Defendant Arizona Secretary of State Adrian Fontes*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| The No Labels Party of Arizona, an Arizona political party,<br><br>Plaintiff,<br><br>v.<br><br>Adrian Fontes, in his official capacity as Arizona Secretary of State,<br><br>Defendant. | Case No:  2:23-cv-02172-JJT<br><br>**ARIZONA SECRETARY OF STATE'S ANSWER** |

Defendant Arizona Secretary of State Adrian Fontes ("Secretary") answers Plaintiff's Complaint pursuant to Rule 8 of the Federal Rules of Civil Procedure and the Order granting the Stipulation for an Extension of Time to File Answer (DE 13), as follows:

1. Paragraph 1 of the Complaint largely states legal conclusions. However, while correctly quoting small parts of A.R.S. § 16-301(A), and selectively emphasizing certain words and phrases, Plaintiff comes to incorrect legal conclusions. Therefore, while the Secretary admits that the quoted words of Arizona law are correct recitations of those parts of the statute, the Secretary denies the conclusions and the remainder of this paragraph of the Complaint. The interpretation of law that No Labels is pursuing here would result in a wholesale re-write of Arizona statutes regarding political parties, their members, and nominees.

2. Paragraph 2 of the Complaint largely states legal conclusions. While correctly quoting short phrases from two court cases, Plaintiff comes to incorrect legal conclusions. Therefore, while the Secretary admits that the quoted snippets of the law are correct recitations of those phrases, the Secretary denies the conclusions and the remainder of this paragraph of the Complaint.

3. The Secretary admits that Plaintiff informed his office that it desires to prohibit anyone other than their currently undisclosed candidates for President and Vice President from engaging in political activity as No Labels members. The remainder of the allegations in paragraph 3 are statements of Plaintiff's intention that the Secretary lacks information or knowledge to admit or deny, and therefore the Secretary denies them. To the extent the allegations in this paragraph argue that the Secretary acted outside the authority of his office or in violation of the state or federal constitution, he denies those claims.

4. The Secretary denies the allegations in paragraph 4 of the Complaint.

5. The Secretary admits that No Labels is a recently recognized Arizona political party, which is a state-level affiliate of No Labels, Inc, a 501(c)(4) corporate body headquartered in Washington, D.C. The Secretary lacks information and knowledge as to the remainder of the allegations in paragraph 5 of the Complaint, and therefore denies them.

6. The Secretary admits paragraph 6 of the Complaint.

7. The allegations in paragraph 7 of the Complaint regarding the statutory basis for Plaintiff's claims are legal conclusions for which no response is required. The Secretary denies the remaining allegations in paragraph 7 of the Complaint.

8. The Secretary admits paragraph 8 of the Complaint.

9. The Secretary admits paragraph 9 of the Complaint.

10. The Secretary admits paragraph 10 of the Complaint.

11. The Secretary admits paragraph 11 of the Complaint.

12. The Secretary admits that this Court has the authority to enter a declaratory judgment in cases before it. The Secretary denies the allegations in paragraph 12 of the Complaint to the extent that it implies that the Court should enter a declaratory judgment against the Secretary in this case.

13. The allegations in paragraph 13 are statements of Plaintiff's intention and what it "envisions." The Secretary thus lacks information or knowledge to admit or deny the allegations, and therefore the Secretary denies them.

14. The allegations in paragraph 14 are statements of Plaintiff's intention that the Secretary lacks information or knowledge to admit or deny, and therefore the Secretary denies them.

15. To the extent the allegations in paragraph 15 quote No Labels' governing documents, the Secretary admits that they are accurate quotes. The remainder of the allegations in the Complaint use these quotes to support its intentions, which the Secretary lacks information or knowledge to admit or deny, and therefore denies the same.

16. The allegations in paragraph 16 are statements of Plaintiff's intention that the Secretary lacks information or knowledge to admit or deny, and therefore the Secretary denies them. The allegations in paragraph 16 also include statements about the intention of other individuals, specifically the "central reason individuals who have associated with No Labels Arizona to date," which neither the Secretary nor No Labels can know, and the Secretary denies the same.

17. As to the allegations in paragraph 17 of the Complaint summarizing the nature and timing of the communications from the Plaintiff to the Secretary's Office, the Secretary admits paragraph 17. The Secretary denies all the allegations in paragraph 17 that he has taken any action that violates state law, federal law, or the constitution. The Secretary further affirmatively alleges that the June 2, 2023 letter was the very first time No Labels indicated to the Secretary that the Party wished to run only Presidential and Vice Presidential candidates.

18. The Secretary denies the allegations in paragraph 18 of the Complaint that he has "forced" No Labels to do anything. The Secretary is Arizona's chief election official, is well aware of the statutory frameworks that apply to new parties, and affirmatively alleges that he is acting in accordance with state and federal law, and denies the remainder of the allegations in paragraph 18.

19. The Secretary admits that on September 22, 2023, the Secretary, through his State Elections Director, sent correspondence correctly articulating the state of Arizona and federal constitutional law. The Secretary denies the allegation that the letter "ignored" Plaintiff's arguments, instead it informed Plaintiff that No Labels registered voters "have the right to associate with the political party of their choice and the right to seek ballot access." The Secretary denies any remaining claims in paragraph 19 of the Complaint.

20. The Secretary denies the allegations in paragraph 20 of the Complaint.

21. Paragraph 21 is a statement incorporating and re-alleging the proceeding paragraphs, and no response is required. To the extent a response is deemed required, the Secretary denies the allegations in Paragraph 21.

22. The Secretary admits paragraph 22.

23. The Secretary admits that the Court has the authority to enter an injunction. The Secretary denies the allegations in paragraph 23 of the Complaint to the extent that it implies that the Court should enter a injunction against the Secretary in this case.

24. The Secretary admits that paragraph 24 accurately quotes A.R.S. § 16-301(A) when the emphasis is removed. The Secretary denies that this statute governs

"when a candidate's name should be included on the ballot," and any remaining allegations in paragraph 24 of the Complaint.

25. The Secretary denies the allegations in paragraph 25.

26. The Secretary denies the allegations in paragraph 26.

27. The allegations in paragraph 27 are statements of Plaintiff's intention that the Secretary lacks information or knowledge to admit or deny, and therefore the Secretary denies them. The Secretary also affirmatively states that the allegations in this paragraph are directly at odds with exhibits from the Motion for Preliminary Injunction (DE 6-2 at 2-3), which indicate that two members of the No Labels party do intend to make those nominations. The allegations are likewise directly at odds with the new party petitions circulated by No Labels in its successful application to obtain new party status in Arizona, which clearly stated to all signers No Labels' intentions to appear on both the 2024 Arizona Primary Election ballot (which does not include candidates for President and Vice President) and the 2024 Arizona General Election ballot.

28. The allegations in paragraph 28 are statements of Plaintiff's intention that the Secretary lacks information or knowledge to admit or deny, and therefore the Secretary denies them. The Secretary also denies them because as a political party, and under No Labels' own governing documents, there are nearly 19,000 members of the No Labels party, and it is not possible for the Secretary (or No Labels) to claim to know what each of those individuals desires regarding the 2024 General Election ballot.

29. The Secretary admits that the quoted language in paragraph 29 is a correct quote of the Plaintiff's governing documents. The Secretary denies the remaining allegations in paragraph 29 of the Complaint.

30. The Secretary denies the allegations in paragraph 30 of the Complaint.

31. Paragraph 31 is a statement incorporating and re-alleging the preceding paragraphs, and no response is required. To the extent a response is deemed required, the Secretary denies the allegations in Paragraph 31.

32. The Secretary admits that paragraph 32 accurately quotes 42 U.S.C. § 1983. The Secretary denies the allegations in paragraph 32 of the Complaint to the extent that it implies that the Secretary has violated 42 U.S. § 1983 or any other statutory or constitutional provision.

33. The Secretary admits that the statutory provisions cited in paragraph 33 of the Complaint provide authority for this Court to provide the form of relief indicated. The Secretary denies the allegations in paragraph 33 of the Complaint to the extent that it implies that the Court should provide the requested relief against the Secretary in this case.

34. Paragraph 34 of the Complaint states legal conclusions. While correctly quoting truncated phrases from select court cases, Plaintiff comes to the incorrect legal conclusions. Therefore, while the Secretary admits that the quoted snippets of the law are correct recitations of those phrases, the Secretary denies Plaintiff's legal conclusions and the remainder of this paragraph of the Complaint.

35. The Secretary denies the allegations in paragraph 35 of the Complaint, except that to the extent that paragraph 35 cites a short phrase from a single court case, the Secretary admits that the quoted language is a correct recitation.

36. Paragraph 36 of the Complaint states legal conclusions. While correctly quoting truncated phrases from select court cases, Plaintiff asserts incorrect legal conclusions. Therefore, while the Secretary admits that the quoted snippets are correct recitations of those phrases, the Secretary denies Plaintiff's legal conclusions and the remainder of this paragraph of the Complaint.

37. The Secretary lacks the knowledge and information necessary to take a position on the allegations in paragraph 37 of the Complaint, and the Secretary denies them. The gravamen of the paragraph is based off the purported intention of "No Labels," without defining whether the "intention" is that of the nearly 19,000 No Labels registered voters in Arizona, the more than 41,000 Arizona voters who signed the No Labels petitions to enable it to form a new party, a majority of the life-tenured No Labels state committee members, or No Labels, Inc. Moreover, there is a purported quote from one of the alleged No Labels candidates, but it is unsourced and therefore impossible to determine whether the quote itself is accurate or the context of the statement. Therefore, the Secretary denies the allegations in paragraph 37 of the Complaint.

38. The Secretary lacks the knowledge and information necessary to take a position on the allegations in paragraph 38 of the Complaint, and the Secretary denies them. The gravamen of the paragraph is based off the purported objective of "No Labels," without defining whether its "objective" and "goals" were determined by the

nearly 19,000 No Labels registered voters in Arizona, the more than 41,000 Arizona voters who signed the No Labels petitions to enable it to form a new party, a majority of the life-tenured No Labels state committee members, or No Labels, Inc.  Moreover, the Secretary affirmatively alleges that the definition of a political party precludes the possibility that it is harmed or undermined by having qualified candidates "participat[e] in any [non-Presidential] election."  The Secretary admits that No Labels has stated that it seeks to bar anyone No Labels, Inc. has not selected to be the party's nominee for President and Vice President, and those offices alone, from seeking office as a candidate or supporting candidates as a donor or voter.

   39. The Secretary denies the allegations in paragraph 39 of the Complaint.  To the extent paragraph 39 purports to state Plaintiff's "intent or desire," the Secretary lacks the knowledge and information necessary to take a position on the intentions of the state party, and therefore denies the allegations.  The Secretary affirmatively states that the quoted language from *Democratic Party v. Wisconsin*, 450 U.S. 107 (1981), repeated in paragraph 39 of the Complaint, is inapplicable here because the Secretary is not requiring No Labels, or its corporate affiliate, to participate in an open primary.  Furthermore, the Secretary is following state law, and ensuring fair ballot access for candidates and voter participation, not "substitut[ing] his own judgment for that of the party."

   40. The Secretary denies the allegations in paragraph 40 of the Complaint.

   41. The Secretary denies the allegations in paragraph 41 of the Complaint.  The Secretary affirmatively alleges that it does cause harm to candidates and voters who

have chosen to affiliate with the political party No Labels to be barred from ballot access and/or otherwise disenfranchised based on the whims of others. The Secretary further affirmatively alleges that the very strategy that Plaintiff asks this Court to impose on others—running as an independent—was equally open to the individual(s) running No Labels, Inc. and its subsidiary No Labels Arizona. They could have used that route to achieve access to the ballot and prevent others from seeking office or affiliating with No Labels as a political party, but chose not to.

42. The Secretary denies the allegations in paragraph 42 of the Complaint.

43. The Secretary denies the allegations in paragraph 43 of the Complaint.

44. The Secretary denies the allegations in paragraph 44 of the Complaint.

45. Any allegation not specifically admitted is denied.

## **AFFIRMATIVE DEFENSES**

A. The Complaint fails to state a claim upon which relief can be granted.

B. Plaintiff's claims are barred by the doctrines of waiver, estoppel, and/or laches.

C. Plaintiff's claims are barred by the doctrine of unclean hands.

D. Defendants reserve the right to assert further affirmative defenses as they become evident.

THEREFORE, the Secretary requests that this Court deny all claims by Plaintiff No Labels and its affiliates, and requests for attorney's fees and costs, and grant the Secretary any other relief, legal and equitable, that this Court deems just and appropriate.

Respectfully submitted this 27th day of November, 2023.

                           Kristin K. Mayes
                           Attorney General

                           */s/ Kara Karlson*
                           Kara Karlson
                           Karen J. Hartman-Tellez
                           Senior Litigation Counsel
                           Kyle Cummings
                           Assistant Attorney General
                           *Attorney for Defendant Arizona Secretary of State Adrian Fontes*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on 27th day of November, 2023 I filed the forgoing document electronically through the CM/ECF system, which caused all parties or counsel of record to be served by electronic means, as more fully reflected on the Notice of Electronic Filing

 /s/Monica Quinonez