David B. Rosenbaum, No. 009819
Andrew G. Pappas, No. 034432
Emma J. Cone-Roddy, No. 034285
Brandon T. Delgado, No. 035924
OSBORN MALEDON, P.A.
2929 North Central Avenue, 20th Floor
Phoenix, Arizona 85012-2793
(602) 640-9000
drosenbaum@omlaw.com
apappas@omlaw.com
econe-roddy@omlaw.com
bdelgado@omlaw.com

Attorneys for Plaintiff

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| The No Labels Party of Arizona, | No. 2:23-CV-02172-PHX-JJT |
|---|---|
| Plaintiff, | **THE NO LABELS PARTY OF ARIZONA'S APPLICATION FOR ATTORNEYS' FEES AND COSTS** |
| vs. | |
| Adrian Fontes, | |
| Defendant. | |

Plaintiff the No Labels Party of Arizona ("Plaintiff") moves under 42 U.S.C. § 1988 and LRCiv 54.2 for an award of reasonable attorneys' fees incurred in this matter. Plaintiff also moves under Fed. R. Civ. P. 54(c)(1) for an award of costs. The Court should award the requested attorneys' fees and costs because Plaintiff is the prevailing party and awarding fees in this case would serve Section 1988's twin purposes of defraying the costs incurred in vindicating important civil rights and holding the state actor accountable for such violations. In addition, the relevant factors, and the billing judgment exercised by counsel, establish that the time spent and hourly rates applied in this case are reasonable.

Plaintiff supports this application with the declaration of its counsel, David B. Rosenbaum (Exhibit A), a Statement of Consultation (Exhibit B), a copy of the fee

agreement between No Labels and Osborn Maledon (Exhibit C), and a Task-Based Itemized Statement of Fees and Costs (Exhibit D).

**I.   BACKGROUND.**

Before filing this suit, the Secretary was informed in three separate letters that Plaintiff would not nominate candidates for any office other than President and Vice President. Doc. 6-1 at 17–30. Hoping to avoid litigation, Plaintiff also provided the Secretary with a detailed legal analysis supporting its position that controlling law allowed it to sit out of certain elections. Doc. 6-1 at 28–30. The Secretary, however, ignored this legal analysis and asserted, with no meaningful legal reasoning of his own, that he would continue to allow candidates to seek any office "us[ing] No Labels' ballot line in the 2024 election." Doc. 6-1 at 32.

Plaintiff therefore sued. Doc. 1. The Complaint alleged, alternatively, that the Secretary violated A.R.S. § 16-301(A) (Count I) and Plaintiff's First and Fourteenth Amendment rights, as made enforceable by 42 U.S.C. § 1983 (Count II). *Id.* at 6–11. Plaintiff sought to enjoin the Secretary from forcing it to participate in elections against its wishes. *Id.*

After Plaintiff filed the Complaint, the parties expedited the proceedings by stipulating to consolidate the hearing on Plaintiff's motion for a preliminary injunction with a trial on the merits. Doc. 10. The Court granted the stipulation and ordered a one-day trial to take place on January 5, 2024. Doc. 11. Subsequently, the parties also agreed to a joint statement of stipulated facts and exhibits to be admitted. Doc. 19. The parties avoided extensive document and deposition discovery. The one-day trial consisted of only oral argument and did not involve the presentation of evidence. Doc. 27.

On January 16, 2024, the Court ruled in favor of the Secretary on Count I and in favor of Plaintiff on Count II. Doc. 25 at 12. By prevailing on the alternate section 1983 theory presented under Count II, Plaintiff obtained the ultimate relief it had requested—the Court enjoined the Secretary from taking certain "acts in furtherance of placing Party candidates on the primary ballot." *Id.* at 11–12.

## II. ARGUMENT

### A. Eligibility: Because Plaintiff prevailed, 42 U.S.C. § 1988 and Fed. R. Civ. P. 54 allow it to seek its reasonable attorneys' fees and costs.

Section 1988 provides that, in a section 1983 action, "the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs . . ." 42 U.S.C. § 1988(b).[1] Similarly, Fed. R. Civ. P. 54(d)(1) provides that "costs . . . should be allowed to the prevailing party." Thus, the only condition to seeking fees and costs is that the moving party must be the prevailing party.

To be the prevailing party under section 1988, the plaintiff need not be "victorious on every claim." *Fox v. Vice*, 563 U.S. 826, 834 (2011). Instead, the key inquiry is whether the plaintiff obtained "meaningful relief," because the "result is what matters." *Id.* (citation omitted). Indeed, "a lawyer who takes on only those battles he is certain of winning is probably not serving his client vigorously enough; losing is part of winning." *Cabrales v. Cnty. of L.A.*, 935 F.2d 1050, 1052–53 (9th Cir. 1991) (noting time spent on a failed claim can be compensable). "In short, a plaintiff 'prevails' when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." *Farrar v. Hobby*, 506 U.S. 103, 111–12 (1992).[2]

Here, Plaintiff unquestionably is the prevailing party. Although Plaintiff did not prevail on its state-law claim, it did prevail on its alternative section 1983 claim. Doc. 25 at 12. In the end, Plaintiff obtained the relief that it requested under both theories—an

---

[1] "Neither tradition nor statutory usage distinguishes computer-based legal research costs from attorney's fees." *Trs. of Constr. Indus. & Laborers Health & Welfare Tr. v. Redland Ins. Co.*, 460 F.3d 1253, 1258 (9th Cir. 2006) (holding attorney's fees include computerized-based research costs). Accordingly, for the purposes of this application, the term attorneys' fees includes the Westlaw fees No Labels incurred in this case.

[2] In addition, "the time spent in establishing entitlement to an amount of fees awardable under section 1988 is compensable." *Clark v. City of L.A.*, 803 F.2d 987, 992 (9th Cir. 1986). In its reply in support of this motion, Plaintiff will supplement its Task-Based Itemized Statement of Fees with the time spent in preparing the reply.

injunction against the Secretary. *Id.*; Doc. 26; Doc. 1 at 6–11. The injunction clearly alters the Secretary's behavior in a way that directly benefits the Plaintiff, namely, it enjoins the Secretary from taking certain "acts in furtherance of placing Party candidates on the primary ballot." Doc. 25 at 11–12. Accordingly, Plaintiff can seek reasonable attorneys' fees and costs, including fees related to the state-law claim.

Attorneys' fees are available for time spent on both Plaintiff's federal claim and its related state-law claim, even though the Court did not adopt Plaintiff's theory that the Secretary's actions also violated Arizona statutory law. Fees for unsuccessful state-law claims are properly compensated when they are "related to the plaintiff's successful claims," that is "involve 'a common core of facts' or will be based on related legal theories." *Thorne v. City of El Segundo*, 802 F.2d 1131, 1141 (9th Cir.1986) (citation omitted). Plaintiff's state-law claim is related to its successful § 1983 claim because both arise from the same facts: the Secretary's attempts to force Plaintiff to participate in elections in which it affirmatively opted not to participate. Because the relief sought on the state-law claim was directed at the same conduct, and sought the same remedy, *id.*, Plaintiff can obtain fees for work on both claims.

**B.     Entitlement: The Court should award Plaintiff reasonable attorneys' fees.**

Section 1988 is designed to (1) defray the costs of vindicating a plaintiff's civil rights and (2) hold a "violator of federal law" accountable. *Fox*, 563 U.S. at 833 (citation omitted). "When a plaintiff succeeds in remedying a civil rights violation . . . [the plaintiff vindicates] 'a policy that Congress considered [to be] of the highest priority.'" *Id.* (citation omitted). A plaintiff that prevailed under section 1983 "therefore 'should ordinarily recover an attorney's fee' from the defendant—the party whose misconduct created the need for legal action." *Id.* (citation omitted); *see also Vasquez v. Rackauckas*, 734 F.3d 1025, 1055 (9th Cir. 2013) ("[A] court's discretion to deny fees under § 1988 is very narrow and . . . fee awards should be the rule rather than the exception." (citation omitted)).

The Court should award attorneys' fees to defray the costs No Labels incurred for vindicating Plaintiff's fundamental constitutional rights. This award would hold the Secretary accountable for his conduct, in furtherance of the purpose of § 1988. As noted, the Secretary was repeatedly informed that Plaintiff would not participate in any election other than the elections for President and Vice President. Doc. 6-1 at 4. Plaintiff explained its decision to sit out those other elections with a legal analysis that underscored its First and Fourteenth Amendment right to do so—the same case law this Court relied upon in its decision on the merits. *Compare* Doc. 6-1 at 29–30 *with* Doc. 25 at 7–11. Despite these repeated attempts to avoid litigation and protect its rights, the Secretary disregarded the Plaintiff's analysis without providing any meaningful rejoinder.  Doc. 6-1 at 32. In short, the Secretary should be held accountable, and Plaintiff should be awarded the costs and fees expended in vindicating its civil rights. For these same reasons, the Court should award costs under Fed. R. Civ. P. 54.

### C. Reasonableness of Requested Award: The fees requested are reasonable.

"The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). "This calculation provides an objective basis on which to make an initial estimate of the value of a lawyer's services." *Id.* This is referred to as the "lodestar amount." *Cunningham v. Cnty. of Los Angeles*, 879 F.2d 481, 484 (9th Cir. 1989). "There is a 'strong presumption' that the lodestar figure represents a reasonable award, and the figure should only be departed from 'if certain factors relating to the nature and difficulty of the case overcome this strong presumption and indicate that such an adjustment is necessary.'" *Hiken v. Dep't of Def.*, 836 F.3d 1037, 1044 (9th Cir. 2016) (citation omitted).

"To determine a 'reasonable hourly rate,' the district court should consider: 'experience, reputation, and ability of the attorney; the outcome of the results of the proceedings; the customary fees; and the novelty or the difficulty of the question

presented.'" *Hiken*, 836 F.3d at 1044; *see also Hensley*, 461 U.S. at 434 (noting the Court may consider whether "the plaintiff achieve[d] a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award"). "The reasonable rate should generally be guided by 'the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation.'" *Hiken*, 836 F.3d at 1044. "[A]ffidavits of the plaintiffs' attorney and other attorneys regarding prevailing fees in the community . . . are satisfactory evidence of the prevailing market rate." *Id.* (citation omitted). As for the hours expended, "[b]y and large, the court should defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case; after all, he won, and might not have, had he been more of a slacker." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008).

The reasonableness of the hourly rates and time spent in this case is supported by the declaration of David Rosenbaum. *See* Ex. A; *see also Hiken*, 836 F.3d at 1044 (affidavit by plaintiff's attorney is satisfactory evidence). Mr. Rosenbaum is a member of Osborn Maledon, P.A., and is the attorney with primary responsibility of representing Plaintiff in this matter. Ex. A, ¶ 1. He has almost 40 years of experience in handling complex commercial litigation matters, including election law matters. *Id.*, ¶ 6. Based on his substantial experience, Mr. Rosenbaum is familiar with the time requirements of a case like this and the hourly rates prevailing in the community of attorneys with comparable skill. *Id.*, ¶¶ 13–14, 19.

In his declaration, Mr. Rosenbaum also details the skill, experience, and reputation of the Osborn Maledon attorneys that provided legal services in this matter—Andrew Pappas, Emma Cone-Roddy, and Brandon Delgado. *Id.*, ¶¶ 7–9. Mr. Pappas has over 14 years of experience, including extensive experience in election-law matters, having served as an Arizona deputy solicitor general and as general counsel of the Arizona House of Representatives. *Id.*, ¶ 7. Ms. Cone-Roddy has over eight years of experience, which includes constitutional and election-law matters and a clerkship at the United States Court of Appeals for the Ninth Circuit. *Id.*, ¶ 8. Mr. Delgado has more than four years of

experience, including commercial, appellate, and voting rights litigation, as well as clerkships at the United States District Court for the District of Arizona and the Arizona Court of Appeals. *Id.*, ¶ 9.

The current rates of each attorney are as follows: David Rosenbaum—$910/hour; Andrew Pappas—$575/hour; Emma Cone-Roddy—$410/hour; and Brandon Delgado—$350/hour. *Id.*, ¶ 13. As supported by Mr. Rosenbaum's declaration, the hourly rates of Osborn Maledon in this case reflect the prevailing hourly rates of attorneys with comparable skill, experience, and reputation. *Id.*, ¶¶ 13–14. The ability of Osborn Maledon to achieve a favorable outcome by applying first principles to a novel question also supports that the hourly rates in this case are reasonable. *See Hiken*, 836 F.3d at 1044 (outcome achieved and novelty of question presented can support hourly rate).

In addition, Mr. Rosenbaum's declaration supports that the time spent on this case for which fees are requested (335.40 hours) is reasonable and was necessary in light of the outcome and complexity and novelty of the issues involved. Ex. A, ¶ 19. Moreover, by agreeing to a consolidated trial on the merits and stipulated statement of facts, the parties substantially reduced the time that could have been expended on a case like this. *Id.* Plaintiff is not seeking attorneys' fees for other counsel that provided advice in this matter.[3] *Id.*, ¶ 20.

Based on these circumstances, the hourly rates and time spent in this case are reasonable and were necessary under the circumstances.

**III.    CONCLUSION.**

For the foregoing reasons, the Court should award Plaintiff the reasonable attorneys' fees and costs it seeks, which currently and respectively total $160,164.70 and $569.94 through January 2024. Plaintiff will supplement its Task-Based Itemized Statement of Fees and Costs with the time spent in finishing this application and preparing the reply.

---

[3] Plaintiff also intends to seek fees on appeal, though it is not currently doing so.

1  DATED this 16th day of February, 2024.

OSBORN MALEDON, P.A.

By /s/ David B. Rosenbaum
   David B. Rosenbaum
   Andrew G. Pappas
   Emma J. Cone-Roddy
   Brandon T. Delgado
   2929 North Central Avenue, 20th Floor
   Phoenix, Arizona 85012-2793

Attorneys for Plaintiff