**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| No Labels Party of Arizona,<br><br>Plaintiff,<br><br>v.<br><br>Adrian Fontes,<br><br>Defendant. | No. CV-23-02172-PHX-JJT<br><br>**ORDER** |

At issue is Plaintiff The No Labels Party of Arizona's Application for Attorney['s] Fees and Costs (Doc. 33, Mot.), to which Defendant Arizona Secretary of State Adrian Fontes filed a Response (Doc. 36, Resp.) and Plaintiff filed a Reply (Doc. 37, Reply).

In this lawsuit, Plaintiff brought two claims—one under Arizona state election law and one for a civil rights violation under 42 U.S.C. § 1983—based on the fact that, after Plaintiff registered as a political party in Arizona, Plaintiff "repeatedly informed" Defendant that it "would not participate in any election other than the elections for President and Vice President" (Mot. at 5), yet when members of Plaintiff's political party expressed an intent to run for other offices by way of filing Statements of Interest, Defendant refused to reject those Statements of Interest, claiming he had no such discretion under Arizona election law. The Court held a one-day hearing on Plaintiff's Motion for Preliminary Injunction and ruled in favor of Plaintiff on its § 1983 claim but against Plaintiff on its Arizona election law claim. The Court granted Plaintiff the injunctive relief

it sought, enjoining Defendant from taking acts in furtherance of placing Plaintiff's party candidates on the primary election ballot. (Doc. 25.)

In the Motion, Plaintiff seeks its attorney's fees under 42 U.S.C. § 1988 and Local Rule 54.2 for prevailing on its § 1983 claim in this matter. Plaintiff also seeks its costs under Federal Rule of Civil Procedure 54. Plaintiff contends that it is entitled to its fees in service of § 1988's purposes of vindicating Plaintiff's civil rights and holding Defendant accountable for the § 1983 violation. (Mot. at 4–5.) And Plaintiff maintains that it is entitled to the entirety of its fees, including those associated with bringing the failed Arizona election law claim, because it obtained the ultimate injunctive relief it sought.

In response, Defendant points out that he was required to follow Arizona election law. (Resp. at 1.) Related to Plaintiff's § 1983 claim, Defendant argues he did not have the discretion or authority to "conduct the delicate judicial balancing that this Court engaged in when it declared the application of Arizona law to [Plaintiff] was unconstitutional given the peculiarities of this case." (Resp. at 1–2.)

Section 1988(b) authorizes an award of attorney's fees to the party who prevails in an action brought under § 1983, stating the Court "in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs." Here, in seeking its fees, Plaintiff downplays the Court's denial of Plaintiff's claim that Defendant violated Arizona election law and the associated finding that "nothing in [Arizona's] statutory framework or [Defendant's] procedures implementing that framework provides for the rejection of Statements of Interest properly filed by registered members of a political party in Arizona." (Doc. 25 at 6.) But that finding is essential to the Court's analysis as to whether Defendant should be "held accountable" for violating Plaintiff's civil rights. The Court agrees with Defendant that no evidence was proffered by either party that Defendant had discretion to reject the Statements of Interest at issue under Arizona election law, and instead the parties were essentially compelled to seek resolution from the Court as to the constitutionality of the Arizona election laws and procedures as applied to the peculiar nature of Plaintiff as a political party.

As the Court pointed out in its Order resolving Plaintiff's Motion for Preliminary Injunction, Plaintiff could have taken action to avoid the issues presented in this case by, for example, informing its own political party members that, under the party's bylaws, they were not permitted to run for public office under the party banner. No evidence presented to the Court indicated Plaintiff took any such avoidance action, and Plaintiff instead wrote letters to Defendant essentially asking him to disregard the Arizona election laws and procedures he is sworn to follow. As the Court stated in its prior Order, by following that path, Plaintiff "essentially [put] the onus on [Defendant] to enforce [Plaintiff's] bylaws." (Doc. 25 at 6.)

Plaintiff cites case law supporting the proposition that, in the ordinary case, the Court should award the prevailing party in a § 1983 case its attorney's fees under § 1988. (Mot. at 4 (citing *Fox v. Vice*, 563 U.S. 826, 833 (2011).) The Court finds this is one of the rare cases in which Plaintiff as the party that prevailed on its § 1983 claim is not entitled to its fees to hold Defendant accountable for the civil rights violation, in large part because Defendant was attempting to act in compliance with Arizona election laws and procedures.

With regard to costs, Rule 54(d)(1) provides that "costs—other than attorney's fees—should be allowed to the prevailing party." Here, each side prevailed on one of the two claims in this action. Accordingly, the Court finds each side should bear its own costs.

**IT IS THEREFORE ORDERED** denying Plaintiff The No Labels Party of Arizona's Application for Attorney['s] Fees and Costs (Doc. 33).

Dated this 30th day of September, 2024.

Honorable John J. Tuchi
United States District Judge